Military Department Employees — State Group Insurance Employees of the Oklahoma Military Department are eligible state employees under the State Employees Group Health Act, 74 O.S. 1301 [74-1301] — 74 O.S. 1314 [74-1314] (1968). The Attorney General has had under consideration your letter of May 21, 1968, requesting an opinion. You ask: "Reference is made to Senate Bill No. 21, O.S.L. 1967, an act related to uniform accident and health insurance and/or benefit coverage on employees and officers of the State of Oklahoma. "Please advise if coverage is applicable to employees of this agency, who are employed by the Adjutant General, certified to on payroll by the Adjutant General and/or his authorized representative, and paid on Federal checks by a Federal finance office. Funds supporting these Federal-paid employees are 100% Federal funds and are not accounted for through the State Treasurer." Senate Bill No. 21, O.S.L. 1967, Ch. 374, which has been codified as 74 O.S.Supp. 1967, Sections 1302-1314[74-1302-1314], is the State Employees Group Health Act. 74 O.S. 1302 [74-1302] (1967), provides in part: "It is hereby declared that the purpose of this Act is: "(a) To provide uniformity in Accident and Health Insurance and/or Benefits Coverage on all employees of the State of Oklahoma;" 74 O.S. 1303 [74-1303] (1967), provides in relevant part: "For the purposes of and as used in this Act: "(b) `Employee' means and includes each officer or employee in the service of the State of Oklahoma who, after January 1, 1966, received his compensation for service rendered to the State of Oklahoma on a warrant issued pursuant to a payroll certified by a department or by an elected or duly appointed officer of the state or who receives payment for the performance of personal services on a warrant issued pursuant to a payroll certified by a Department and drawn by the State Auditor upon the State Treasurer against appropriations made by the Legislature from any state fund or against trust funds held by the State Treasurer, who is employed in a position normally requiring actual performance of duty during not less than 1,000 hours per year, and whose employment is not seasonal or temporary, except that a person elected by popular vote will be considered an employee during his tenure in office." 74 O.S. 1314 [74-1314] (1967), provides: "The provisions of this Act shall not apply to the employees and officers of the Oklahoma Employment Security Commission nor to The Oklahoma State System of Higher Education; provided, however, that said Commission and any institution of Higher Education may elect to come under the provisions of this Act." It could be inferred from Section 74 O.S. 1302 [74-1302] and Section 74 O.S. 1314 [74-1314], supra, that this Act was intended to cover all employees of the State and its agencies except those specifically excluded. The Oklahoma Military Department is not expressly excluded in Section 1314. It will be noted that Section 1303, supra, provides essentially that: "'Employee' means . . . each officer or employee . . . who . . . received his compensation on a warrant issued pursuant to a payroll certified by a department . . . of the State or who receives payment . . . on a warrant issued pursuant to a payroll certified by a Department and drawn by the State Auditor upon the State Treasurer. . . ." (Emphasis added) The word "or" indicates an alternative. Thus, examination of Section 74 O.S. 1303 [74-1303] reveals that to be an employer under the Act an employee need not necessarily be paid on a state warrant upon the State Treasurer if the employee is paid on a warrant issued pursuant to a payroll certified by a department of the State. In the general use of the term, a "warrant" means an ordinary check or written order issued to someone having the possession and control of funds, directing the payment of a specific amount to the named party. Missouri Gravel Co. v. Federal Surety Co., 212 Iowa 1322,237 N.W. 635. The Oklahoma Military Department is a Department of State Government. 44 O.S. 1961 Section 21[44-21] [44-21]. In Attorney General's Opinion No. 63-456, it was held that employees of the Oklahoma Turnpike Authority were employees of the State for the purposes of the Oklahoma Public Employees Retirement System. In Attorney General's Opinion No. 68-189, it was held that employees of the Oklahoma Turnpike Authority were covered by the State Employees Group Health Act, 74 O.S. 1301 [74-1301] — 74 O.S. 1314 [74-1314]. We mention the two above Attorney General's opinions because of the similarity regarding payments of said employees. Employees of the Oklahoma Turnpike Authority are not paid on state warrants drawn by the State Auditor upon the State Treasurer. Rather, the employees of the Authority are paid pursuant to a payroll certified by that department upon an account in the name of the Oklahoma Turnpike Authority, and we consider employees of that Authority as qualified under the State Employees Group Health Act. Therefore, it is the opinion of the Attorney General that employees of the Oklahoma Military Department whose payrolls are certified by that department of state government, even though paid on federal checks by a federal finance office, from 100% federal funds, are eligible state employees under the State Employees Group Health Act, 74 O S. 1302 — 74 O.S. 1314 [74-1314]. (W. Howard O'Bryan Jr.)